LEMUEL LAKE, PLAINTIFF-APPELLANT, v. PAUL ROSEN-BERG, JAMES McDEVITT AND CLARA McCARTHY, TRADING AS CITY SERVICE CAB CO., JOINTLY AND SEVERALLY, DEFENDANTS-RESPONDENTS.

Argued October 5, 1943—Decided October 29, 1943.

Before BROGAN, CHIEF JUSTICE, and Justices BODINE and COLIE.

For the appellant, *M. Milton Singer*.

For the respondents, *Altman & Backer* (*Samuel Backer*).

PER CURIAM.

The plaintiff sued to recover damages for injuries suffered June 18th, 1940, when a cab in which he was riding owned by the defendants, who employed the driver thereof, skidded on Atlantic Avenue, Atlantic City, and with much violence struck two parking meters imbedded in the sidewalk causing the plaintiff more or less serious bodily injuries.

The complaint alleges that the plaintiff was a passenger by invitation of the cab owners' employee. This is denied in the answer.

There was a nonsuit on the opening. This is said to have been error. The opening, so far as pertinent, is as follows: "We are going to show you that in the course of this operation"—(the cab business)—"it was a very common thing for the relief man, that is the man who would then take over the cab, and go to work, to invite the man who was off work and any other taxicab drivers that might have been finished for the day, to invite them to go along with him into the city so as to give them a lift, as it were, for whatever their destination might be. * * * this practice was with the full knowledge and full consent of the owners of the taxicab business."

The plaintiff, a cab driver on the night shift, checked out on the morning in question and thereafter entered the cab, in which he was injured, on the invitation of the driver of that cab. If the injuries occurred in the course of his employment the sole recovery, in the absence of contract, would be under the Workmen's Compensation Act. *Micieli* v. *Erie Railroad Co.*, 130 *N. J. L.* 448. Sometimes the conveyance to and from the place of work may be by means of a vehicle furnished by the employer. In such instances, liability attaches. The authorities are all collected in *Micieli* v. *Erie Railroad Co., supra*.

In the instant case, there was no allegation that the plaintiff was a passenger for hire, or the invited guest of the owners of the cab. The plaintiff, an employee of the cab owners, by reason of a common practice with the full knowledge of the owners thereof, was being taken part way to his home after he had checked out for the day. There was no basis in the opening for a common law recovery. The plaintiff was not a passenger for hire; he was not invited by the cab owners to ride in the cab. At best, he was permitted to ride in the cab for his own convenience with the possible knowledge of the owners thereof or the transportation was furnished by the employer as part of his compensation.

The opening furnished no basis for a common law recovery and if the facts, which might be established, base an action under the compensation law they were not alleged and could not be established save in the special tribunal provided for that purpose.

The judgment under review is affirmed, with costs.